UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CENTRAL HARLEM COMMUNITY (DISTRICT 10); SILENT VOICES UNITED INC.; ST. NICHOLAS HOUSES RESIDENT ASSOCIATION; TULINDE LLC; BREAKING THE CHAINS OF YOUR MIND,

                Plaintiffs,

-against-

CITY OF NEW YORK; JAMES EQUITIES LLC; DOUGLAS C. JAMES; JOHN AND JANE DOES,

                Defendants.

24-CV-1606 (JGLC)

**ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

    Plaintiffs, proceeding *pro se*, assert claims under the Fair Housing Act and seek injunctive relief under Rule 65 of the Federal Rules of Civil Procedure. They also seek class certification under Rule 23 of the Federal Rules of Civil Procedure. Because Plaintiffs cannot proceed *pro se* in this action, the Court directs them to obtain legal counsel within 30 days of the date of this order.

## DISCUSSION

    Plaintiffs are four artificial entities – Silent Voices United Inc., St. Nicholas Houses Resident Association, Tulinde LLC, and Breaking the Chains of Your Mind – all of which reside within Central Harlem Community District 10; District 10 also is included as one of the plaintiffs. As artificial entities, however, Plaintiffs cannot represent their own legal interests because corporations, nonprofit organizations, and other artificial entities cannot proceed *pro se*. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (noting that "lower courts have uniformly held that 28 U.S.C. § 1654, providing that

'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney") (citations omitted); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*").

To the extent the individuals[1] who signed the complaint intend to represent the interests of the named Plaintiffs, they may not do so unless they are lawyers; otherwise, those individuals can only represent their own individual interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). The complaint does not suggest that the individuals are lawyers or that they intend to represent their own individual interests.

Finally, Plaintiffs cannot proceed *pro se* and seek class certification because a nonlawyer cannot bring suit on behalf of others. *Rodriguez v. Eastman Kodak Co.*, 88 F. App'x 470, 470 (2d Cir. 2004) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)); *Phillips v. Tobin*, 548 F.2d 408, 412-15 (2d Cir. 1976).

---

[1] The individuals who signed the complaint are Tiffany S. Fulton for Silent Voices United, Leslie Johnson for St. Nichols Houses Resident Association, Gilda D. Gillim for Tulinde, and Ruth McDaniels for Break the Chains of Your Mind. The Clerk's Office added these four individuals as plaintiffs on the court's electronic case filing system, but the individuals do not identify as plaintiffs in the complaint.

For these reasons, the Court finds that Plaintiffs cannot proceed *pro se* in this action and grants them until **April 8, 2024** to obtain counsel to represent them in this action. If they do not obtain counsel within the time allowed, the Court will dismiss this action without prejudice.

## CONCLUSION

The Court grants Plaintiffs until **April 8, 2024** to obtain legal counsel. Such counsel must file a notice of appearance on the docket no later than **April 8, 2024.**

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: March 8, 2024
New York, New York

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge