UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIFFANY SIMONE FULTON, GILDA D. GILLIM, and RUTH MCDANIELS,<br><br>                                 Plaintiffs,<br><br>-against-<br><br>CITY OF NEW YORK, JAMES EQUITIES LLC, DOUGLAS C. JAMES, JOHN AND JANE DOES, who are responsible for the latest decisions of 2201 Luxury Condominiums,<br><br>                                 Defendants. | 24-CV-1606 (JGLC)<br><br>**MEMORANDUM OPINION AND ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

*Pro se* plaintiffs bring this action against Defendants City of New York, James Equities LLC, Douglas C. James, and John and Jane Does ("Defendant City," "Individual Defendants," and "Doe Defendants," respectively) for violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, and New York State law. For the reasons stated herein, Plaintiffs' claims against all Defendants are dismissed without prejudice.

## BACKGROUND

The following facts are, unless otherwise noted, taken from the Amended Complaint and presumed to be true for the purposes of this Order. *See J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

Plaintiffs Tiffany Simone Fulton, Gilda D. Gillim, and Ruth McDaniels are residents and apartment renters of Central Harlem. ECF No. 9 ("Amended Complaint" or "AC") ¶¶ 9–12. Plaintiffs are concerned about the usage of a property located at 2201 Adam Clayton Powell Jr. Blvd., New York, New York 10027 (the "Property"), which has been unoccupied for almost a decade. *Id.* ¶ 16. Upon observing activity at the Property in January 2024, Plaintiffs heard that

the Property would be used to house new migrants. *Id.* ¶ 17. In February 2024, Plaintiffs attended a series of community meetings on this matter, during which the Mayor announced that "no migrants would be housed in [the Property]." *Id.* ¶¶ 21–22. Also during these meetings, it became apparent to Plaintiffs that the ownership of the Property was in dispute. *Id.* ¶ 23.

Plaintiffs now allege Defendants discriminated against the Black and Brown residents of Central Harlem by failing to inform them of the availability of housing in the Property, and by instead planning to use the Property to house another "class of individuals." *Id.* ¶¶ 1–4. Plaintiffs seek injunctive and declaratory relief directing Defendants to publicize and offer apartment units in the Property for rent to immediate community members. *See id.* ¶¶ 1, 29.

On May 31, 2024, Individual Defendants moved to dismiss Plaintiff's Amended Complaint for lack of standing and failure to state a claim upon which relief can be granted. ECF No. 20. On June 28, 2024, Defendant City also moved to dismiss the Amended Complaint for the same reasons, ECF No. 29, explaining that the City had planned to open the Property as a temporary emergency shelter for families seeking asylum earlier this year, but decided not to move forward with this plan after speaking with the community. ECF No. 31 at 1. Plaintiffs responded by requesting the dismissal of Individual Defendants as improperly named owners of the Property and the dismissal of Defendant City without prejudice. ECF No. 49 ("Opp."). Plaintiffs, however, request to maintain the action against the Doe Defendants as the owners of the Property, whose identities Plaintiffs seek to ascertain. *Id.* at 11. The Court now grants Plaintiffs' request to dismiss Individual Defendants and Defendant City without prejudice and dismisses the remaining claims against Doe Defendants under Rule 12(b)(1).

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id*. (internal citation omitted). In resolving a motion to dismiss for lack of subject matter jurisdiction, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (internal citation omitted). A court may also consider evidence outside the pleadings, such as affidavits and exhibits. *See Makarova*, 201 F.3d at 113.

*Pro se* complaints "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal citation omitted). Because Plaintiffs are proceeding *pro se*, the Court must liberally construe the Amended Complaint and interpret it "to raise the strongest claims that [it] suggest[s]," including for Rule 12(b)(1) purposes. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (collecting cases). This liberal construction is "driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Id.* at 475. (cleaned up) "Nevertheless, dismissal of a *pro se* complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory factual allegations." *Blue v. City of New York*, No. 16-CV-9990 (VSB), 2018 WL 2561023, at *4 (S.D.N.Y. June 4, 2018) (citing *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)).

## DISCUSSION

The Court first dismisses Defendant City and Individual Defendants without prejudice, as Plaintiffs appear to request, *see* Opp. at 1–2, and then considers whether Plaintiffs may maintain this action against Doe Defendants, concluding that they cannot.

### I. Claims Against Defendant City and Individual Defendants Are Dismissed Without Prejudice

The Court construes Plaintiff's motion at ECF No. 49 to be a request to withdraw claims against Defendant City and Individual Defendants without prejudice under Federal Rule of Civil Procedure 41(a)(2). Rule 41(a)(2) provides that, except where all parties agree to a stipulation of dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "Voluntary dismissal without prejudice is thus not a matter of right." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). When deciding whether to permit dismissal without prejudice, the Court should consider: (1) Plaintiffs' diligence in bringing the motion to dismiss; (2) any "undue vexatiousness" on Plaintiffs' part; (3) the extent to which the suit has progressed, including Defendants' effort and expense in preparation for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of Plaintiffs' explanation for the need to dismiss. *Id.* (collecting cases).

Here, litigation has just begun, with no suggestion that discovery has taken place. Plaintiffs have not been vexatious, having merely filing a complaint, an amended complaint, and the instant motion to dismiss without prejudice. ECF Nos. 1, 9, and 49. Moreover, the dismissal of an action with prejudice "can have the preclusive effect of *res judicata*," barring suits brought by Plaintiffs upon the same cause of action. *Samuels v. N. Telecom, Inc.*, 942 F.2d 834, 836 (2d

4

Cir. 1991). Even though Plaintiffs' claims do not appear viable,[1] the Court will not impose a barrier to potential future litigation related to this matter, particularly given Plaintiffs' *pro se* status. *See Triestman*, 470 F.3d at 475 (emphasizing that courts have an obligation to "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training") (internal citation omitted). Accordingly, dismissal of both City Defendants and Individual Defendants shall be without prejudice.

## II.     Claims Against Doe Defendants Are Dismissed

Plaintiffs seek to maintain this action against Doe Defendants as owners of the Property. Although courts generally permit actions against Doe defendants until a plaintiff has opportunity to learn their identities, *see Cruz v. City of New York*, 232 F. Supp. 3d 438, 448 (S.D.N.Y. 2017), the Court cannot do so here. As Defendants point out under Federal Rule of Civil Procedure 12(b), the Court must have subject matter jurisdiction and the Amended Complaint must state a claim upon which relief can be granted. The Court finds that it lacks subject matter jurisdiction and therefore does not arrive at the question of whether Plaintiffs state a claim upon which relief can be granted. *See Abele v. Markle*, 452 F.2d 1121, 1124 (2d Cir. 1971) (noting the prohibition on advisory opinions by federal courts in the absence of a justiciable case).

Here, Plaintiffs lack standing. Standing is required under Article III of the Constitution for a federal court to exercise subject matter jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975). To assert standing, Article III demands three elements: (1) Plaintiffs must have suffered an injury in fact; (2) the injury must be fairly traceable to the Defendants' challenged conduct;

---

[1] As concluded in Section II, Plaintiffs have not alleged an injury in fact, which is required for them to have standing to bring this lawsuit. U.S. CONST. art. III, cl. 2. Although the Court dismisses the claims against the named Defendants at Plaintiffs' request, a conclusion that Plaintiffs lack standing to bring the claims against these Defendants would similarly result in a dismissal without prejudice.

5

and (3) a favorable resolution of the case is likely to redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). These elements form the "irreducible constitutional minimum" of standing. *Id.* at 560.

Plaintiffs fail at the first element of Article III standing—injury in fact. An injury in fact must be "concrete and particularized" and "actual or imminent." *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 70 (2d Cir. 2001) (quoting *Lujan*, 504 U.S. at 560). "'Concreteness' means the injury must be real, and not abstract, though not necessarily tangible. 'Particularization' means the injury must affect the plaintiff in a personal and individual way." *Jaffe v. Bank of Am., N.A.*, 197 F. Supp. 3d 523, 527 (S.D.N.Y. 2016) (cleaned up) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–40 (2016)). "Actual or imminent" injury may not be "conjectural or hypothetical." *Altman*, 245 F.3d at 70 (internal citation omitted). "Generalized grievances" are not sufficient to establish injury in fact. *See Sharpe v. Mental Health Sys. of U.S.*, 357 F. App'x 373, 374–75 (2d Cir. 2009) (citing *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 482–83 (1982)).

Even extending reasonable allowances to Plaintiffs' *pro se* action, the Court cannot identify an injury in fact. Liberally construing the Amended Complaint and interpreting it "to raise the strongest claims that it suggests," *Hardaway*, 879 F.3d at 489, the Court understands Plaintiffs' allegation as follows: Owners of the Property, Jane and John Does, discriminated against persons seeking housing on the basis of race and national origin,[2] in violation of the FHA and New York State laws, by failing to offer the Property for rent to Black and Brown residents

---

[2] Plaintiffs identify the class discriminated against as "Black and Brown [Harlem] residen[ts] already in need of such housing . . . ." AC ¶ 1. However, neither federal nor state law recognize members of a specific geographic community as a protected class. *See* 42 U.S.C. § 3604(b); N.Y. EXEC. LAW § 296(5); N.Y.C. ADMIN. CODE § 8-107(5)(1). Accordingly, the Court construes the Amended Complaint as alleging discrimination on the basis of race and national origin.

6

and instead offering the Property to migrants. But Plaintiffs have not and cannot identify an actual or imminent injury here because, as the parties agree, there are no current plans to rent out the Property to migrants to the exclusion of Harlem residents.[3] Moreover, Plaintiffs do not allege particularized injury. Instead, Plaintiffs identify themselves as Harlem residents, who are part of various community organizations in Harlem[4] and who oppose the Property being occupied by migrants instead of Harlem residents. In other words, Plaintiffs are seeking to keep housing available generally for Harlem residents, without alleging any specific injury to them individually. Although *pro se* pleadings are entitled to a liberal construction, Plaintiffs have described their involvement with the Property in enough detail to suggest that the omission of facts showing particularized injury was not a mere mistake. *See* AC ¶¶ 16–23.

Plaintiffs also argue that their status as tax-paying citizens in the Harlem community establishes their standing to sue. Opp. at 7–9. Plaintiffs misapply the law on taxpayer standing. The Supreme Court case that Plaintiffs rely on, *Flast v. Cohen*, permits taxpayers to assert standing in a case against a governmental entity that allegedly abuses its spending power. *See* 392 U.S. 83, 102–03 (1968). But nothing in the Amended Complaint suggests that Doe Defendants are government actors, or that Doe Defendants abused taxpayer money in the alleged discrimination against Plaintiffs and other Harlem residents. With the dismissal of Defendant City, no government actors remain involved in the action—no *Flast* standing exception can apply. Accordingly, Plaintiffs' claims against Doe Defendants are dismissed without prejudice.

---

[3] Relatedly, this action does not meet the ripeness requirement of Article III, which limits federal courts to adjudicating actual rather than hypothetical disputes. *See Lacewell v. Off. of Comptroller of Currency*, 999 F.3d 130, 149 (2d Cir. 2021).

[4] Plaintiffs originally brought this action in the name of a series of community organizations, but were prohibited from doing so because the organizations were unrepresented. ECF No. 3. They were therefore directed to either file as individuals or obtain counsel. *Id.*

*See Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 445 (2d Cir. 2022) (holding that a dismissal for lack of standing must be without prejudice).

## CONCLUSION

For these reasons, claims against all defendants are DISMISSED without prejudice. The Clerk of Court is directed to terminate ECF Nos. 20, 29, and 49 and to CLOSE the case.

Dated: January 13, 2025
      New York, New York

SO ORDERED.

*/s/ Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

8